Number 181579, number 181681, number 181755, Miguel A. Colón-Torres versus Jose R. Negron Fernandez. Good morning. May it please the Court, Carlos Lugo Fiore on behalf of the defendant appellant in this case. This case is a section 1983 action filed against a public official in his personal capacity, which ended with a settlement agreement. In this case, the settlement agreement was verbal and the record clearly states, clearly shows from the motions that the parties were filing after the judgment that the Commonwealth of Puerto Rico stepped in and assumed the entire obligation of paying plaintiff the settlement amount. Defendant in this case did not waive any constitutional right, did not admit any responsibility, and did not accept to make any payment whatsoever, and that is uncontroverted. So, in this sense, what was the claim in the complaint against a person, against an officer in his personal capacity, after the settlement agreement became an obligation of the Commonwealth of Puerto Rico, and therefore, when the Supervisory Board filed the Title III petition on behalf of the Commonwealth and began the restructuring process, establishing Title III of PROMESA, this obligation, there was a claim, a pre-petition claim against the Commonwealth of Puerto Rico, and it should have been stayed by the... But the Commonwealth's not a party to this action, right? It was not a named party, but the Secretary of Justice represented, through his attorneys, represented the defendant throughout the entire proceeding, and as a matter of practice, before the case went to trial, there was a settlement agreement. In that settlement agreement, before it was finished, the Secretary of Justice approved the settlement, approved payment by the and then the settlement agreement stayed, provided I was the government that would pay, so it's... Suppose the court... Suppose Puerto Rico doesn't pay, the Commonwealth doesn't pay, can the court do anything to the Commonwealth? No, not in this case. Right, so what, so that's what, so what is the reason for the stay, then? Why don't we just wait until there's an action against the Commonwealth, and then that could be stayed? I don't understand what... Well, the problem is that in this case, the district court issued a judgment and ordered the defendant to personally pay the amount, the settlement amount. That's why this appeal is coming from, that's one reason. The second reason is that it is the public policy of the Commonwealth of Puerto Rico. But the existence of the state doesn't preclude the Commonwealth from paying whatever it wants to pay. Well, the system, well, once the state, the problem here is that the state... The question is just, is there any... It will be, it will have to be, it will be subjected to objections by other creditors, because if the case is in a restructure, is in a bankruptcy-type restructuring process, all the other creditors have an interest in the state of the debtor. And given that this is a repetition obligation, repetition claim, it will be... But it's not against the Commonwealth, that's why I just am not... Well, the settlement agreement is against the Commonwealth. It's an obligation of the Commonwealth. I don't know what that means, I guess, I just can't understand it. The case is dismissed against this particular defendant. Yes, that's correct. That is not the Commonwealth. The Commonwealth is not a party. The Commonwealth was not a party, but it became the person, the claim in the complaint ended with the judgment. Am I right that the only actor that would have a claim against the Commonwealth is the defendant? No, not... Well, not really, because there's no... Under the settlement agreement, and that's important to stress, this case did not end in a trial where there was a judgment against the defendant. This is a case which ended in a settlement agreement, which is... Basically, the parties resolved the case by making a contract. And under that contract, it is the government of Puerto Rico which assumed the obligation to pay. So any enforcement mechanism, any collection of that... Does the plaintiff have a right to sue the Commonwealth? In theory, yes. If not, he could go... So what are you trying to say? You're trying to say that action, which we don't even know if it'll be brought? I just am not of the settlement agreement. And it's not a... And Title III provides for that. And we're not... And we're doing it regardless of the amount that's small, because there are many cases in which this has happened, and we can't... And the state, once you get into the process, in the Title III process, it is a formal bankruptcy proceeding, and there are many creditors that have an interest in the estate of the debtor. And it will be to pay some claims now. But isn't the enforcement attempt here against Negron, who was sued in his individual capacity? It is. And that's as far as it goes. Do the Commonwealth lawyers represent Negron at this point? Well, we represent both in the sense that we still represent defendants. But who is we? We, the Commonwealth of Puerto Rico, the Department of Justice. I, as an attorney. You're in the Department of Justice. I, as contracted by the Department of Justice, who represented defendants before the district court. But now, after the settlement agreement, there's an identity of interest now, because it the defendant is the named defendant. Is the Commonwealth outlaying expenses, for example, paying its attorneys to represent Negron at this point in time in this enforcement action? Yes, it is paying the attorneys, because those are... What attorneys is it paying? What is paying me for being here? Under a contract? Under my contract. And it paid the salary of the attorneys in the Department of Justice. But none of them are representing Negron. I thought you just said that. In his individual capacity. In this enforcement action. In his individual capacity, I am representing Negron in his individual capacity. Commonwealth isn't paying its employees, employed attorneys in this action. You're saying that you have a right to payment under a contract. I'm just trying to determine what assets of the debtor are at risk here, if there's anything else beyond the $10,000. No, no. Well, you just said yes, you're... Oh, because there are other cases that... No, your contract. Oh, well, my contract... Your right to payment. Yeah, but those are administrative expenses. Those are what? Those are administrative expenses. So... And it's just the same thing as the salaries paid to the attorneys of the Department of Justice who handle the post-judgment matters in this case. Am I correct that your basic argument is that PROMESA prohibits you from paying? No, what we're saying is that PROMESA stays on execution and... Well, isn't that just what I just said? Maybe I said it wrong, but... Yeah, that's... it prevents... in a sense, it does prevent the government from paying. So what we have before is whether PROMESA applies or the Civil Rights Act applies. Am I correct? Yes, and here PROMESA applies. Well, I'm not following something. The Commonwealth could pay it. That has nothing to do with the stay, right? Uh, if it pays, not now, but after this day, it couldn't... No, no, if there's no stay. If there's no stay... You can pay. The Commonwealth? Yes, if there was a no stay, the Commonwealth would have paid. Yeah, if there is a stay, can the Commonwealth pay? No, not at this moment. So the issue is between those two statutes? Yes, basically. Okay, so the issue is which statute prevails? Yeah, the issue is which statute applies in this particular situation. Which is the later of the two statutes? PROMESA is the later of the two statutes. What's the rule... you have two conflicting statutes, one which is later than the other one? Well, the statute... the only... actually, the only statute that applies to this... because PROMESA applies... PROMESA applies because of Congress enacted it because of the situation of the Commonwealth, and it's a very special statute that covers certain situations. But that statute is almost immaterial. That statute was preventing you from paying, or that you claim is preventing you from paying. What you claim is preventing you from paying is PROMESA. At least that's what you answered a few minutes ago. Yes, yes. All right, so the two statutes that are in conflict are... the Civil Rights Statute and PROMESA. Well, the Civil Rights Statute does not... does not provide... that... does not generally provide for payment of... I thought... It is... what we provide for payment is basic contract law. I thought... And this is a specific... this is a specific statute directed to the bankruptcy of the government of the Commonwealth of Puerto Rico. And in the same way as prior goes over... I thought the PROMESA stays... stays the litigation. It stays the litigation, but it also stays the enforcement... Right. ...of any actions. And it stays the enforcement. But if you voluntarily pay, there's no enforcement. You just pay. Yes, but the problem is that once the... once the petition is filed, the bankruptcy process begins. And this... I know that. ...becomes part of the petition. You're not... I don't think... from the bankruptcy court...  ...the Part 3 court for... for... for... for us to pay. Are there any cases... Why would you have to do that? Because there are many... there... because the... the... once the estate... He's right. ...is to avoid having preferences. The... the... the... once... once the... once the... once the estate is formed... once the bankruptcy estate is formed, every creditor has an interest in those funds. And the debtor can simply just go and pay this and pay this... pay this debt and pay this debt. And to the detriment of other... of other creditors. The other creditors will have claims against that. I mean, if... if there is a stipulation and the bankruptcy court approves it, then it can pay. But it has to follow an order. I'm trying to figure out what the connection between that and the stay is, though. Excuse me? I'm trying to understand what the relationship between that and the stay is. I thought the stay is a stay of litigation. Yeah, that's... that's what's happening here. He said there... there... the plaintiff is trying to enforce... to enforce... Right, and you want to stay their ability to enforce it. I understand that. There's a separate question of paying. And I don't understand that the stay's relationship is to your ability to pay, not subject to an enforcement action. No court orders it. No one's trying to enforce it. You just wake up and you say, here's a check. You say you can't do that under PROMESA. Maybe that's so, but I don't think that has anything to do with the stay provision. Not necessary, but the stay... the stay... what the stay does is... is... paralyze the... the... the collection effort and sending it to the... Correct. So with respect to... Title III. So let's just focus on the collection effort. The only collection effort here would be against not the commonwealth. Against the defendant. Yeah. Well, that... that's what... So how does the stay figure into that? It's not an action against... that action would not be an action against the commonwealth. No, actually... actually the plaintiff is... is trying to enforce it, both against the government and against the... and against the defendant. The problem with the defendant is that the defendant, under the settlement agreement that was executed by the party, he's excused from payment. He doesn't have to pay. The problem with... with the government is that there is a stay of proceedings. He can... he has to continue his... his collection efforts. He has to continue them at the Title III court. And there he might get paid or not. The judgment didn't... didn't excuse the individual defendant from paying. Well, it says it... that... that's... that's... that's... that's another question. The... the state... the judgment says as per the judge... the settlement agreement. If it can be... if it can... if that's... if that means that the settlement agreement is incorporated into the judgment, then the settlement... then under the settlement agreement, defendant has no obligation to pay. And he had no forewarning or... that he will be... that he will have to pay. So, the district court could not order him to pay under the terms of the settlement agreement. If the district court did not incorporate the settlement agreement in its judgment, then he has no jurisdiction to... case of Coconin. The court case of Coconin has no jurisdiction because the parties did not grant it any jurisdiction and there's no independent basis for the jurisdiction of the court. But it references the term of payment. So, that would give the jurisdiction under Coconin, right? Yes, but if he has jurisdiction under Coconin, if he has jurisdiction, it's because he incorporated the judgment. The court has to follow the settlement agreement. That's the contract that the parties... signed to end the controversy. And the contract is clear in that defendant does not have to pay. It is the government. Once the government has to pay... Let me... let me ask you this question. Assuming that there is a valid judgment against the individual defendant for this remaining $10,000. I know you don't concede that, but assuming that there is, then an enforcement action against the individual defendant does not implicate $362,000, as I see it. Because it's not a direct action against the debtor. No. But it may implicate $922,000 under the inhabitant side of it, right? Is that your argument? Yes, it can incorporate $922,000. Because it is... But that's only true if the... ultimately if the funds are going to come from the debtor. Yes, yes. But you tell me that the... your fee, for example, your contract fee with the government is not included? No, it's not included and it's not part of... it's not part of any judgment. It's simply a contractual arrangement that the government... No, but it's not included under $922,000. No. No, because I'm not... I'm working for the government, defending the government's interests. It's an administrative expense. Well, then it would be included under $922,000. That's a government outlay. Well, it would be post-petition and I mean, the government can pay it as administrative... it falls as administrative expenses, which is... But a voluntary payment of the $10,000 is prohibited, you say? Under the state, it is because it's not an administrative expense. I don't know if there's any priority. If in the future it is turned to be a priority, it can be paid. Be careful you don't argue yourself out of your fee. Oh, I don't... Well, I don't think so, but thank you very much.  May it please the court. Good morning, Your Honors. My name is David Rodriguez Burns on behalf of Appellee Miguel Colon Torres. Your Honors, the underlying premise of Defendant Negron Fernandez is that plaintiff settled a case with him in exchange for a monetary judgment that he can only enforce against the Commonwealth, and that is completely unsupported by the record, and it's unsupported by Law 9. Regardless of what the caption in this appeal says, it states that the Commonwealth is a defendant and Negron Fernandez appears as Secretary of the Department of Correction. Neither of those are correct. The Commonwealth of Puerto Rico was not a named defendant in the operative Second Amendment complaint. And the Commonwealth was not a party to the settlement agreement either. And here we have Defendant Negron Fernandez raising all sorts of arguments on behalf of the Commonwealth, and the Commonwealth of Puerto Rico did not join in any of these three appeals. The parties who participated in the settlement were the legal representatives of defendant and the plaintiffs, and the plaintiff. And it was the defendants who tendered the settlement offer. If we don't grant, if we say there's no stay, what are you going to do? What's your next move? We're going to execute. And what is that going to entail? You're going to execute against whom? Defendant Negron Fernandez, and we're going to go after his personal assets, not the assets of the Commonwealth of Puerto Rico. Okay, and then can he assert the settlement agreement as a defense in that action, saying that because of that settlement agreement, the only reason that you have a judgment against him is pursuant to that agreement, and in that agreement, he made it clear that the Commonwealth would pay? No, because the judgment specifically states that it is defendants who shall pay the plaintiff, and the Commonwealth was not a defendant in the case, in the proceedings below. The judgment is binding only on the defendant. But it says as per the settlement agreement, and the settlement agreement is a little more detailed than that. Well, it doesn't have to have all of the provisions of the settlement, but it has to have the principle... So what's in the settlement? What the settlement... $40,000 from the individual defendant, $10,000 from the Commonwealth, I thought. No, it... Okay. What the settlement was, what the parties agreed to was $50,000 to be paid to Plaintiff Miguel Colon, and that was what they agreed to. They had some arrangement between them that they would split the $50,000, $40,000 to CHS, and $10,000 from Defendant Negron Fernandez, but the judgment... So the plaintiff wasn't a part of that? Yes. Yes, the plaintiff was a part of it. $40,000, $10,000 split? Yes. Well, then isn't that mean that when you go to execute against the defendant, the defendant is going to be able to say, wait a second, you were party to a settlement agreement in which you conceded that $10,000 of it was going to come from the Commonwealth? No, no, no. Your Honor, the Commonwealth... The Commonwealth, what provided to Defendant Negron Fernandez was a promise to indemnify him. That is an arrangement between the Commonwealth and Defendant Negron Fernandez. The plaintiff had nothing to do with that. I thought we just asked you whether you were a party to the agreement to the $40,000, $10,000 split. You said yes. Okay, well, I correct. So you're saying no now? No, no. You were not a party to that? It was a settlement. There was a settlement between... And that was good for you, and you won as a consequence, right? Right. Okay. In that settlement agreement, who was the other signatory to the settlement agreement? Just the defendant? Defendant Negron Fernandez and CHS, which was the non-for-profit corporation, which provided the medical services. And in that, the agreement was to pay $50,000 to you? To my client, yes. I mean, to your client. Separately, or as part of that settlement agreement, there was an agreement that $10,000 of that $50,000 was going to come from the Commonwealth? No. It was going to come from Defendant Negron Fernandez. Is that agreement in the record, settlement agreement? No. The only thing that we have, Your Honor, is the judgment and an informative motion from plaintiff's counsel at the time, court-appointed counsel, stating that the defendants would pay the plaintiff $50,000. That's all that we have. And actually, we don't have any other documents memorializing that. We have a motion from the other side describing the 40-10 split. We don't, I don't have any documents. How come I have it? No, you're saying you have the motion, but you don't have any documents about what you're referring to in the motion. Under that motion, that's all that we have. That's all that we have. So we don't have the settlement agreement? No, there's a verbal settlement agreement, which is allowed under Puerto Rico. But what I guess I'm, that 40-10 split, you are describing it now as not part of the settlement agreement. It was a term of the settlement agreement, but it wasn't communicated to Chief Judge Helpe when he issued the judgment. It was communicated to you as a party to the agreement? Your client as a party to that agreement? I can't categorically say that, Your Honor. You can't categorically say that it wasn't? That it was communicated. Or that it wasn't communicated. Or that it wasn't communicated. All that we have is that the defendants agreed to pay my client $50,000. And apparently that split was something that the defendants negotiated between themselves. You were aware of it? Well, let me ask you, do you want to answer to Chief Judge Howard's question? I was aware of it pursuant to the motions filed by the parties and I tried to, I tried to... You weren't aware of it during the settlement negotiations? Well, Your Honor, I wasn't, I wasn't representing Miguel Colon during the settlement negotiations. We, our firm did not represent the plaintiff, Miguel Colon, when the settlement agreement was reached. We were appointed much later. You don't know? We don't know. Okay. Let me just understand your position. If the 40-10 split was part of the settlement agreement, okay, so let's just imagine a world in which it's categorically clear that what happened is defendant settled with your client for $50,000, of which $10,000 would be paid by the Commonwealth. And that was put into the settlement agreement. Imagine that's true. I know you don't think it's true. Imagine it's true. What would your view then be as to the stay? There's, well, plaintiff could not compel the Commonwealth to pay those, that $10,000. There's no way, because... They're not a party to the action. Not only that, but that would be barred by the 11th Amendment. And, and... Yeah, but that, that's a different point than, I mean, that just might mean it was not a great settlement for you. That would be different than what happened. Whether the stay would apply, wouldn't it? I don't follow, Your Honor. Well, they might have an 11th Amendment defense when you move to enforce against them. There's... But if you did enter into such a settlement agreement, you did enter into such a settlement agreement, and that there would be it. And then there'd just still be the question of whether the stay applies. Well, Your Honor, what happened here was that the Commonwealth agreed to indemnify Defendant Negrón Fernández under Law 9. And the only party that can compel indemnification is Defendant Negrón Fernández. Except you, but you're telling us that you're uncertain as to whether there was a settlement agreement that also resolved this action on the understanding that your plaintiff would be paid $10,000 by the Commonwealth. Because you just don't know whether that's what happened or not happened. Your Honor, what... What plaintiff... The only parties that entered in the settlement agreement was the plaintiff and the defendants. Those were the only parties to the settlement. The Commonwealth was not... He had some arrangement with Defendant Negrón Fernández, but that is a separate issue. And the plaintiff doesn't have the resolution by the Settlement Committee. And we don't have any other documents memorializing that the Department of Justice had approved the settlement either. So that's all that we have. Mr. Rodríguez, what is your precision as to what relevance, if any, the PROMESA statute has with your case? It doesn't have... Okay, that's all I want to know. You say no? No. Okay, thank you. It's simply not relevant. That concludes my presentation, unless there's further questions, Your Honor. Thank you. Thank you.